## TOPIA MINING CO. v. WARFIELD.

(Supreme Court, Appellate Division, First Department. December 29, 1911.)

1. PLEADING (§ 237*)—COMPLAINT—AMENDMENTS.

In an action to compel an accounting as to defendant's management of properties from August, 1905, to the spring of 1908, plaintiff should have been permitted to amend, so as to extend the period of accounting back to April 1, 1904, where some evidence had already been taken covering the extended period, and where defendant submitted no affidavits in opposition to the motion, relying on supposed defects in the moving papers and laches, though the case had been at issue for some time: neither party being at fault, and defendant not being prejudiced by the delay.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 603–619; Dec. Dig. § 237.*]

2. PLEADING (§ 238*)—AMENDMENTS—AFFIDAVIT OF EXCUSE—WHO MAY MAKE.

On motion to amend a complaint, an affidavit excusing noninclusion of the matter in the original complaint is properly made by plaintiff's at-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

torney, where he best knows the facts, especially where the plaintiff is. a corporation.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 620-625; Dec. Dig. § 238.*]

Appeal from Special Term, New York County.

Action by the Topia Mining Company against Lewis Warfield. From an order overruling a motion to amend the complaint, plaintiff appeals. Reversed, and motion granted.

See, also, 145 App. Div. 422, 129 N. Y. Supp. 1076.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

William H. Black, for appellant.
George Gordon Battle, for respondent.

SCOTT, J. Plaintiff appeals from an order which denies in part a motion to amend the complaint. Certain unimportant amendments were not objected to, and were allowed.

The action is in effect for an accounting as to defendant's management of certain mining properties in Mexico from August, 1905, to the spring of 1908. It is also sought to set aside certain releases held by defendant. Upon its face the amendment appears to do no more than to extend the period of accounting backward to April 1, 1904, so as to require defendant to account for transactions covering the period from April 1, 1904, to August, 1905, in addition to those covering the period already stated in the complaint. Some evidence appears to have already been taken with reference to this extended period. The defendant submitted no affidavits in opposition to the motion, resting his opposition on supposed deficiencies in the plaintiff's. papers. His principal objections are that plaintiff has been guilty of laches, and that the affidavit excusing the noninclusion of the period stated in the original complaint is made only by plaintiff's attorney.

[1, 2] We do not consider that plaintiff can justly be charged with laches. The case has been at issue for some time, but we cannot say that either party has been at fault in that regard. The defendant has not been taken by surprise, or otherwise prejudiced by the delay in applying for the formal amendment. As to the affidavit, the rule is not invariable that the excuse for not including allegations in an original pleading must be made by a party, and not by his attorney. What the court wants is the truth, and to that end requires the affidavit to be made by that affiant who knows the facts. Usually, although not always, that person is the party to the action, and not his attorney. There are cases, however, in which it is apparent that the attorney best knows the facts, and when that is so his affidavit is to be preferred. We think that this is such a case. At all events, the plaintiff, being a corporation, cannot itself make an affidavit, and any affidavit in its behalf must be made by some officer or other agent. It does not appear that any other agent is so well acquainted, as the attorney, with the reasons for not including the year from April, 1904,.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

to August, 1905, in the original complaint. The matters covered by the amendment seem to be germane to the matters already included in the complaint, and we think that justice requires that the entire controversy between the parties should be disposed of in a single action.

The order, so far as appealed from, is reversed, with $10 costs and disbursements, and the motion granted. All concur.